# UNITED STATES DISTRICT COURT
# AT GREENEVILLE, TENNESSEE

| | |
|---|---|
| ROBERT VILLIER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:_____ |
| ) | |
| DAWN OF HOPE, INC., ) | JURY DEMAND |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. Plaintiff, Robert Villier, (hereinafter "Plaintiff") is a resident and citizen of Johnson City, Washington County, Tennessee.

2. The Defendant, Dawn of Hope, Inc. (hereinafter "Defendant"), is a not-for-profit corporation doing business in Johnson City, Washington County, Tennessee, with a business location at 500 E. Oakland Ave, Johnson City, Tennessee 37601. Plaintiff was employed in Johnson City, Tennessee, by Defendant beginning in October, 2005.

3. Jurisdiction and venue in this Court are proper because the Defendant operates a business in Washington County, Tennessee, and the acts complained of occurred in Washington County, Tennessee.

## Factual Background

4. Plaintiff was hired by Defendant in October of 2005. Defendant operates group homes for disabled persons. Plaintiff was a supervisor of some of these group homes.

5. From the time Plaintiff was hired, until August 30, 2011, when he was terminated by Defendant, Plaintiff met or exceeded the requirements of his job.

6. In July, 2011, another employee of the Defendant stole money at work related to client funds. Plaintiff was not aware of this theft because the employee to whom the money was supposed to be delivered had resigned his position. Nonetheless, Defendant's Residential Director put Plaintiff on probation stating that Defendant should have reported the theft sooner. This was the first time in roughly six (6) years of employment with Defendant that Plaintiff had been disciplined. In time, Plaintiff concluded that this was improperly motivated and part of Defendant's pretext to get rid of him. Nonetheless, the Plaintiff accepted two (2) months' probation, since this was the only time he had ever been disciplined.

7. On or about August 2, 2011, Ms. Bobbi Love who had just been promoted to Residential Program Director called Plaintiff into her office and informed him he was being placed on administrative leave pending a State investigation into his conduct. Plaintiff inquired as to the reasons for this action but he was not given a satisfactory answer.

8. On or about August 30, 2011, Bobbi Love called Plaintiff and asked Plaintiff to report to her office. Ms. Love asked the Plaintiff if he had spoken to State investigators. Plaintiff advised her that he had not. Ms. Love then informed the Plaintiff that he had been cleared of violating any rules or regulations; however, he was being terminated. Plaintiff was given no explanation for his termination, other than that he had <u>not</u> been found to have engaged in any wrongdoing.

9. Plaintiff has not worked for Defendant since the date of his termination on or about August 30, 2011.

10. Plaintiff filed EEOC charges on or about December 05, 2011, alleging discrimination based upon age. Plaintiff has advised the EEOC that he no longer seeks their assistance and is pursuing this litigation.

11. The EEOC has issued its Right-to-Sue letter on July 02, 2012, and Plaintiff is entitled to bring this action.

12. At all relevant times, Defendant employed more than twenty (20) persons.

### Count One

### Age Discrimination in Employment Act of 1967

13. Plaintiff incorporates Paragraphs 1 through 12 above, as if fully set forth herein.

14. Plaintiff asserts that Defendant discriminated against him and discharged him in violation of Age Discrimination in Employment Act of 1967 ("ADEA"), 29, U.S.C. 621, *et. seq.*

3
Case 2:12-cv-00344-HSM-WBC   Document 1   Filed 08/16/12   Page 3 of 6   PageID #: 3

15. Plaintiff is sixty-five (65) years of age. He alleges that Defendant replaced him with a younger employee or younger employees, and that he was treated differently than younger employees and that Defendant's actions were deliberate, willful, and intentional discrimination based upon Plaintiff's age.

16. Plaintiff's termination constitutes an adverse employment action.

## Count Two

## Tennessee Human Rights Act

16. Plaintiff asserts that Defendant discriminated against the Plaintiff by terminating him in violation of the Tennessee Human Rights Act (THRA), T.C.A. Section 4-21-101, et. seq.

17. Plaintiff alleges for the purposes of the THRA, that Defendant's actions were deliberate, willful, and intentional discrimination based upon Plaintiff's age.

18. Plaintiff's termination constitutes an adverse employment action under THRA.

## Applicable to Both Counts

19. Plaintiff has suffered direct pecuniary losses as a result of Defendant's violations of the ADEA, and THRA.

20. Plaintiff will continue to suffer direct pecuniary losses as a result of Defendant's acts or omissions as set forth herein, including violations of the ADEA and THRA.

21. Plaintiff was discharged by Defendant and is entitled to compensation for past, present, and future wages and benefits, liquidated damages, incidental damages, attorney's fees and costs, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, and other pecuniary losses.

WHEREFORE, Plaintiff prays for the following:

A. Service of process issued for Defendant;

B. Plaintiff be awarded all damages to which he is entitled including past, present, and future wages, benefits, incidental damages, back pay, front pay, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and compensatory damages in the amount of $500,000.00 or an amount to be determined by the jury;

C. Plaintiff be awarded liquidated damages as provided by law;

D. The Court award Plaintiff interest, attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided by law;

E. That the Court award Plaintiff such other, further, general and different relief to which he may be entitled; and

F. That a jury be empaneled to try this action.

Respectfully submitted,

*[signature]*

**E. PATRICK HULL**
BOPR No. 004437
Attorney for Plaintiff
229 E. New Street
P.O. Box 1388
Kingsport, TN 37662
Ph: (423) 247-6151
Fax: (423) 247-6152
Email: pat@hull-firm.com